IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:94-CR-225-D(2) |
| VS. § | |
| § | |
| HENRY DAVID POTWIN, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Henry David Potwin (" Potwin") has filed a March 10, 2015 motion to correct judgment, seeking relief under Fed. R. Crim. P. 36. For the reasons that follow, the court denies the motion.

I

Potwin maintains that, at his sentencing hearing, he requested that he receive credit toward service of his sentence for time served from April 14, 1994 through January 9, 1995; the sentencing judge said that he would get this credit; and the judgment states that he "is to receive credit for time served." D. Mot. 1. Potwin posits that the judgment does not reflect the specific dates for which he is to receive credit, as stated at sentencing, and that granting the relief he seeks will "not change the structure nor length of the sentence imposed." *Id*.

II

A

Potwin has previously sought several times to reduce his term of imprisonment for this same period of time through a motion under 28 U.S.C. § 2255 and petitions under 28 U.S.C. §2241. In effect, his current motion is another attempt to obtain credit for time served in this case for which

he has already received credit in a state case (except for a few days that were credited to his federal sentence). In addressing Potwin's most recent petition under 28 U.S.C. § 2241, the magistrate judge recounted Potwin's history in seeking such credit:

> Petitioner seeks credit on his 25-year federal sentence for time spent in state custody from April 14, 1994, through January 9, 1995, as allegedly agreed by the parties in exchange for his guilty plea and as ordered by the sentencing court. The Bureau of Prisons (BOP) has credited petitioner for time spent in state custody from April 14, 1994, through April 21, 1994. Petitioner has raised this complaint with the BOP, via § 2255 motion in the convicting court, and in a prior § 2241 habeas action brought in the United States District Court for the Eastern District of Arkansas, Eastern Division, to no avail.

*Potwin v. Tamez*, 2012 WL 5382839, at *1 (N.D. Tex. Sept. 24, 2012) (Cureton, J.) (citations omitted), *rec. adopted,* 2012 WL 5383086 (N.D. Tex. Nov. 2, 2012) (Means, J.). The magistrate judge's recommendation, which the district judge adopted, explained that Potwin is not entitled to sentence credit despite what the sentencing judge stated at sentencing.

> Under [18 U.S.C.] § 3585(b), petitioner is not entitled to the credit that he seeks because the period of time at issue was fully credited against his state sentence. Even if it intended to do so, the district court did not have the authority under § 3585(b) to award credit against petitioner's federal sentence for the time he spent in state custody.

*Id.* at *4 (citations omitted). Because Potwin has already received judicial determinations that he is not entitled to credit for the time period April 21, 1994 through January 9, 1995 (because he has already received credit for this time against a state sentence), his Rule 36 motion must be denied.

B

Moreover, Rule 36 is not the correct procedural mechanism for seeking relief of the type Potwin is requesting. Potwin must seek relief under 28 U.S.C. § 2241 because he is essentially challenging the computation of a legally rendered sentence. *See United States v. Gabor*, 905 F.2d

76, 78 (5th Cir. 1990) (quoting *Soyka v. Alldredge*, 481 F.2d 303, 304 (3d Cir. 1973)).  Because Potwin has already unsuccessfully sought credit through 28 U.S.C. § 2241, the court will not convert this motion into a petition under § 2241.

C

Finally, Potwin contends that the sentencing judge's reference to "Credit" for "time served" in the judgment justifies a downward departure under U.S. Sentencing Guideline § 5G1.3(c).  To the extent Potwin relies on this argument to support relief under Rule 36, his contention is misplaced.  Rule 36 applies, in pertinent part, to "a clerical error in a judgment" or "an error in the record arising from oversight or omission."  What Potwin is relying on in this respect is neither.

\* \* \*

Accordingly, Potwin's motion to correct judgment is denied.

**SO ORDERED**.

March 25, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE